

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*973-645-2930 (voice)*
*973-645-2857 (facsimile)*
*paul.matey@usdoj.gov*

August 20, 2007

K. Anthony Thomas
Assistant Federal Public Defender
Office of the Federal Public Defender
972 Broad Street, Fourth Floor
Newark, New Jersey 07102

*7 CR 859 (DMC)*

Re: <u>Revised Plea Agreement with Jonathan Adams</u>

Dear Mr. Thomas:

This letter sets forth the revised plea agreement between your client, Jonathan Adams, and the United States Attorney for the District of New Jersey ("this Office"). This agreement replaces and supercedes all prior plea agreements between your client and this Office.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Jonathan Adams to a one-count Information which charges him with the sexual exploitation of a minor for the purpose of producing a visual depiction of such conduct, in violation of Title 18, United States Code, Section 2251(b). If Jonathan Adams enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Jonathan Adams for the sexual exploitation of a minor, or the transportation, possession, receipt, or distribution of child pornography from at least as early as June 2006 through on or about February 1, 2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Jonathan Adams may be commenced against him, notwithstanding the expiration of the limitations period after Jonathan Adams signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2251(b) to which Jonathan Adams agrees to plead guilty carries a statutory maximum prison sentence of 30 years, a statutory minimum prison sentence of 15 years, and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jonathan Adams is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Jonathan Adams ultimately will receive.

Further, in addition to imposing any other penalty on Jonathan Adams, the sentencing judge: (1) will order Jonathan Adams to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Jonathan Adams to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq. (3) may order Jonathan Adams, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 2253; (5) may order Jonathan Adams, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), to comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Jonathan Adams resides, is employed, or is a student; and (6) pursuant to 18 U.S.C. § 3583(k) may require Jonathan Adams to serve a term of supervised release of any term of years, or life, which will begin at the expiration of any term of imprisonment imposed. Should Jonathan Adams be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jonathan Adams may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment

set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jonathan Adams by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Jonathan Adams's activities and relevant conduct with respect to this case.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jonathan Adams. This agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceeding against Jonathan Adams.

No Other Promises

This agreement constitutes the plea agreement between Jonathan Adams and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: Paul B. Matey
Assistant U.S. Attorney

APPROVED:

Mark J. McCarren, Chief
Public Protection Unit, Criminal Division

I have received this letter from my attorney, K. Anthony Thomas, AFPD, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 10/4/2007
Jonathan Adams

_____  Date: 10/4/07
K. Anthony Thomas, AFPD